FLEMING, Judge.
There is certainly nothing in the argument of the appellee’s counsel, that the jury have found that the conveyance, from Prather to Moran, was without any condition; because the deed is found in hsec verba, and contains the condition.
The question then is, whether the re-entry was lawful ? The verdict expressly finds, that no rent had ever been paid; that Prather made a demand; and that, there being no property on the' land whereof distress could be made, he entered for the non-payment; which brings it exactly within the terms of the condition; and, therefore, the grantor had clearly aright to re-enter.
There is.no ground for the objection, that notice ought to have been given that a re-entry would be made; because, the law requires no such notice to be given; for, upon the demand of the rent, and no property found to distrainj the right of re-entry attached. 6 Bac. Abr. 29, [Gwil. ed.;] 2 Roll. Abr. 427; 7 Co. 29; Litt. § 233.
As both parties claim under the same title, unless the plaintiff shews a better right, there is no ground to impeach the'possession of the defendant.
And, upon the whole, I am of opinion that Prather had a right to re-enter and possess himself of his former estate, and that his deed to Robins was valid: of course, Wartenby, who claims under him, and is now in possession, has the better title; and, therefore, the judgment of the District Court ought to be reversed.
*427 CARRINGTON, Judge.
The verdict finds that the rent was not paid; that it was demanded, and that, there was no goods upon the premises, whereot itistress could he made: Of course, by the express terms of the condition, the bargainor had a right to re-enter. There is nothing iu the objection that no title in Prather is found; for, as both parties claim under him, the one in possession ought not to be disturbed, unless the other can shew a better right. 1 am, therefore, of opinion, that the judgment of the District Court ought to be reversed.
EYONS, Judge.
The demand of the rent, with the non-payment, and want of property on the premises, whereof distress could be made, are expressly found by the jury: Of course, the right, of entry accrued by the express terms of the deed; and, therefore, the judgment of (he District Court ought to be reversed.